In re RESTEIN.

(District Court, E. D. Pennsylvania. July 10, 1908.)

No. 2,343.

1. BANKRUPTCY—RECEIVERS—BORROWING MONEY—RECEIVER'S CERTIFICATES.

A court of bankruptcy has power to authorize a receiver to borrow money and issue certificates therefor and conduct the bankrupt's business for the purpose of preserving the assets.

2. SAME—DISTRIBUTION.

A decree of a court of bankruptcy authorized the receiver to borrow $10,000 and issue certificates therefor to continue the bankrupt's business. The receiver borrowed $5,000, for which certificates were issued and purchased by the surety company which was the surety on the bankrupt's bond guaranteeing the performance of the contracts which the receiver expected to complete. The receiver also incurred other indebtedness of the same character, for which no certificates were issued, to an amount in excess of the authorized limit, all of which was done with the knowledge of the surety company, to whom the receiver paid $1,000 on the certificates issued to it. Held, that the holders of the debts incurred by the receiver for which no certificates were issued to the amount of $6,000 were entitled to participate in the bankrupt's assets in the hands of the receiver on the same footing with the remaining $4,000 for which certificates were issued.

In Bankruptcy. Review of referee's report.

John H. McCrahon and A. L. Morse, for creditors.
John A. McCarthy, for receiver and trustee.

HOLLAND, District Judge. 1. All the authorities sustain the proposition that the court in bankruptcy has power to authorize a receiver to borrow money and issue certificates therefor and conduct the business for the purpose of preserving the assets of the bankrupt's estate. In this case the order was made because it was urged upon the court

that it was necessary to do so to realize on the prospective asset, which all parties concerned agreed could be made out of the contracts which the bankrupt had with the United States government, so that the certificates were properly issued.

2. The decree of court of September 22, 1905, authorized the receiver to borrow $10,000 and issue certificates therefor. He borrowed $5,000, and contracted debts with merchandise creditors for additional property. There is still $4,000 due to the United States Fidelity & Guaranty Company, the holder of the receiver's certificates, and $11,-983.43 due to creditors who furnished materials to the trustee to enable him to conduct the business under the order of the court. The fidelity company was surety on the bankrupt's bond guaranteeing faithful performance of the contracts with the United States government, to complete which the receiver's certificates were issued and the debts contracted.

At the time the petition was presented by the receiver to borrow money on certificates and continue the business, it was thought that these contracts could be completed at a profit. The receiver, who was subsequently appointed the trustee, conducted the business for nearly two years, and at a loss. During the time the business was in operation he paid off $1,000 of the certificates, and paid on account to his creditors as he conducted the business, and when he finally wound up the same he found that the assets of the whole concern, including the equity in the plant and the property on hand which had been contributed by his creditors, amounted to only $9,285.05. This amount was distributed as follows:

Referee's compensation............................................$1,008 94
Stenographer's services............................................   31 13
U. S. Fidelity & Guaranty Co. of Baltimore, principal of receiver's
   certificates ..................................................  4,000 00
Interest as computed to February 6th, 1908......................   466 25
                                                                 ----------
   Total ........................................................$5,506 32

—leaving a balance for distribution of $3,777.73, which was distributed among the 36 creditors with claims amounting to $11,983.43.

The business was conducted by the trustee under the advice of counsel who was counsel for the United States Fidelity & Guaranty Company and who argued its case on the exceptions, so that the holder of the certificates undoubtedly was aware, through its counsel, of whether or not the business was being conducted at a loss or a profit, and also was aware of the fact that the receiver was authorized to borrow to the limit of $10,000, which he did not do, but purchased on credit from the creditors who are now presenting their claims against the fund. There is nothing in the order of court expressly authorizing him to create an indebtedness above the amount named in the order, although he was authorized to continue the business until "the further order of the court." Whether by reason of the general order to "continue the business until the further order of the court" he was authorized to contract an indebtedness beyond the amount authorized by the decree is not necessary to consider now, under the view we take of the case. He was authorized to create an indebtedness of $10,000,

and there are outstanding certificates of only $4,000, leaving a margin of $6,000. He did create an indebtedness of $6,000, and more for the same purpose for which the $4,000 was borrowed, but did not issue certificates therefor. But, under the facts in this case, we see no reason why this $6,000 of indebtedness should not participate on the same footing with the $4,000 for which certificates were issued, as it was authorized by the same decree and should receive equal protection. So that we conclude an equitable distribution of this fund would be as follows:

Referee's compensation.............................................$1,008 94
Stenographer's services.............................................  31 13

                                                                   $1.040 07
Total for distribution...............................................$9,285 05
Less referee's and stenographer's compensation...................... 1,040 07

    Balance for distribution......................................$8,244 98

The balance of the fund to be distributed to the Fidelity & Guaranty Company and to the 36 creditors in the following proportions, that is to say: The Fidelity & Guaranty Company to receive two-fifths and the 36 creditors to receive three-fifths.

3. For the reasons stated by the referee in his report to the exceptions, his amount claimed as compensation is approved.

This distribution can be made by the referee, and, when filed, the report, including it, will be confirmed, as modified.